**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111517

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Danielle M. Barnett,<br><br>Plaintiff,<br><br>vs.<br><br>NRA Group, LLC d/b/a National Recovery Agency and Steven C. Kusic,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Danielle M. Barnett (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NRA Group, LLC d/b/a National Recovery Agency ("NRA") and Steven C. Kusic ("KUSIC") (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Danielle M. Barnett is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, NRA is a Pennsylvania Limited Liability Company with a principal place of business in Dauphin County, Pennsylvania.

8. On information and belief, KUSIC is the CEO of NRA, and is responsible for the overall operation of NRA, including NRA's collection activities complained of herein.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. NRA is a company that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. KUSIC is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. Defendants allege Plaintiff owes a debt ("the debt").

13. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

14. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to NRA for collection.

15. In its efforts to collect the alleged debt, NRA contacted Plaintiff by letter ("the letter") dated January 28, 2016. ("Exhibit 1.")

16. Defendants' letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Defendants maintain a website at http://nationalrecovery.com.

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

18. Defendants' website is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. Defendants website provides a payment portal, at https://nragroup.123fastpay.com, for consumers to make payments online.

20. Defendants' payment portal is a "communication" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692f**
**Unlawful Fee**

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

23. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

24. Defendants' payment portal, at the time of Defendants' attempted collection of Plaintiff's debt, stated: "All payment transactions will be charged a $7.95 processing fee."

25. Such processing fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

26. Such processing fee is illegal.

27. Such processing fee is prohibited by 15 U.S.C. § 1692f(1).

28. Sometime after March 15, 2016, but at an exact date and time known only to Defendants, Defendants changed their payment portal.

29. Defendants' payment portal now states: "A fee of $7.95 may be added as a convenience fee for this payment method. This fee is void where prohibited by law."

30. Defendants violated 15 U.S.C. § 1692f by attempting to charge Plaintiff a processing fee.

31. Defendants violated 15 U.S.C. § 1692f by charging Plaintiff a processing fee.

32. Defendants violated 15 U.S.C. § 1692f by attempting to charge a processing fee.

33. Defendants violated 15 U.S.C. § 1692f by charging a processing fee.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False Representation as to Unlawful Fee

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

36. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

37. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

38. Defendants violated § 1692e by making a false representation that they are entitled to receive compensation for payment via a processing fee.

39. The least sophisticated consumer would likely be deceived by the processing fee language into believing that Defendants were legally entitled to collect the fee.

40. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

41. Plaintiff was deceived by the processing fee language into believing that Defendant was legally entitled to collect the fee.

42. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e and § 1692f
### False or Misleading Representations

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. The letter lists "Interest" and "Costs."

45. Although the "Interest" and "Costs"" are stated as ".00," the letter implies that there could be interest and costs added to the debt in the future.

46. The letter falsely implies that Defendants have the right to add interest and costs to the debts.

47. The letter threatens to collect interest and costs.

4

48. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

49. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. Defendants' conduct, as described, is prohibited by 15 U.S.C. § 1692f(1).

51. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

52. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

53. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

54. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

55. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

56. The least sophisticated consumer would likely be deceived into believing that Defendants are legally entitled to add interest and costs to the debt.

57. Defendants have no legal basis to add interest and costs to the debt.

58. Defendants' conduct, as described, violates § 1692e and § 1692f.

## **JURY DEMAND**

59. Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

DATED: January 22, 2017

          **BARSHAY SANDERS, PLLC**

          By:   */s/ Craig B. Sanders*
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 111517